Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MGM DRYWALL, INC., a California Corporation, and MIGUEL GUILLEN RAMIREZ *aka* MIGUEL RAMIREZ GUILLEN, an individual,<br><br>Defendants. | Case No.: C11-4188 CRB<br><br>**ORDER**<br><br><br>Date:   August 24, 2012<br>Time:   8:30 a.m.<br>Ctrm:   8, 19th Floor, San Francisco<br>Judge: Honorable Charles R. Breyer |

Plaintiffs herein respectfully submit their Case Management Statement, requesting that the Case Management Conference, currently on calendar for August 24, 2012, be continued for approximately 60 days. Plaintiffs recognize that this Case Management Conference Statement was due on August 17, 2012. Due to a calendaring error, Plaintiffs' counsel neglected to file this statement on time, and hereby submit this Case Management Conference Statement to the Court with apologies for its tardiness.

1.     As the Court's records will reflect, this action was filed on August 24, 2011. Service on Defendants was effectuated on November 17, 2011, and A Proof of Service of Summons on was filed with the Court on November 21, 2011. Defendants failed to plead or otherwise respond to the lawsuit, and the Clerk entered default as to both Defendants on December 16, 2011.

2.     The parties have been in almost constant contact to discuss resolution of this

1 matter. At Defendants request, Plaintiffs prepared a draft Judgment Pursuant to Stipulation ("Stipulation") providing for a twelve month payment plan relative to all amounts due and owing to Plaintiffs and emailed and mailed said Stipulation Defendants on December 12, 2011. In response, Defendants paid the delinquent contributions, but refused to sign the Stipulation. Defendants thereafter submitted payment in full for the interest and attorneys' fees and costs incurred through May 8, 2012 in two payments, which were received by Plaintiffs' counsel on April 16, 2012, and May 15, 2012, respectively

3. Before Plaintiffs can dismiss this matter it is imperative that Plaintiffs have the opportunity to ensure that all contributions due by Defendants have been properly reported and paid. Thus, Plaintiffs have decided to exercise their rights under the Collective Bargaining Agreement and Trust Agreements to conduct and audit of Defendants' payroll records.

4. The Court continued the previous Case Management Conference to allow time for Defendants to submit to an audit of their payroll records to confirm proper reporting and payment of contributions for the time period December 1, 2010 through the date of inspection, and for Plaintiffs to consider whether to waive all or a portion of the liquidated damages that remain due, or whether Defendants should be liable for the full amount.

5. Since then, Defendants scheduled the audit for August 7-8, 2012. The auditor advised that the audit was conducted as scheduled and is now under review. The report should be completed within two weeks. Plaintiffs offered Defendants a conditional waiver of the liquidated damages that remain due on the condition that Defendants remain current in payment of contributions through May 2013 hours worked. However, Defendants did not timely submit their May 2012 contributions, and are therefore no longer eligible to receive the waiver. Therefore, liquidated damages assessed through October 2011 hours worked are due and owing.

6. Accordingly, Plaintiffs respectfully request that the Case Management Conference, currently scheduled for August 24, 2012, be continued for 60 days to allow time for the audit to be completed and the parties to discuss payment of liquidated damages.

7. There are still no issues that need to be addressed by the parties at a Case Management Conference. In the interest of conserving costs, as well as the Court's time and

1  resources, Plaintiffs respectfully request that the Court continue the currently scheduled Case
2  Management Conference.
3      I declare under penalty of perjury that I am the attorney for the Plaintiffs in the above
4  entitled action, and that the foregoing is true of my own knowledge.
5      Executed this 21st day of July 2012, at San Francisco, California.

                                SALTZMAN & JOHNSON
                                LAW CORPORATION

                            By:  _____/S/_____
                                Blake E. Williams
                                Attorneys for Plaintiffs

10  IT IS SO ORDERED.

11      The currently set Case Management Conference is hereby continued to October 26, 2012 at
12  8:30 a.m., and all previously set deadlines and dates related to this case are continued accordingly.
13  Date:  August 22, 2012



_____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

-3-
**PLAINTIFFS' CMC STATEMENT; REQUEST TO CONTINUE CMC; [PROPOSED] ORDER THEREON**
**Case No.:  C10-3589 CRB**

N:\pdf docs\4188drywall.doc