Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MGM DRYWALL, INC., a California Corporation, and MIGUEL GUILLEN RAMIREZ *aka* MIGUEL RAMIREZ GUILLEN, an individual,<br><br>Defendants. | Case No.: C11-4188 CRB<br><br>**PLAINTIFFS' CASE MANAGEMENT STATEMENT and;**<br>**REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE;**<br>**[PROPOSED] ORDER THEREON**<br><br>Date:  October 26, 2012<br>Time:  8:30 a.m.<br>Ctrm:  8, 19th Floor, San Francisco<br>Judge: Honorable Charles R. Breyer |
|---|---|

Plaintiffs herein respectfully submit their Case Management Statement, requesting that the Case Management Conference, currently on calendar for October 26, 2012, be continued for approximately 60 days.

1.  As the Court's records will reflect, this action was filed on August 24, 2011. Service on Defendants was effectuated on November 17, 2011, and A Proof of Service of Summons on was filed with the Court on November 21, 2011. Defendants failed to plead or otherwise respond to the lawsuit, and the Clerk entered default as to both Defendants on December 16, 2011.

2.  As the Court may recall, the parties have been in almost constant contact to discuss resolution of this matter. Plaintiffs offered Defendants a payment plan (at their request) for what was due, but ultimately Defendants elected not to utilize the plan and to pay all contributions, interest, and fees and costs owed. Defendant asked that liquidated damages be waived.

1      Plaintiffs offered Defendants a conditional waiver of the liquidated damages that remained due on the condition that Defendants remain current in payment of contributions through May 2013 hours worked. Unfortunately, Defendants immediately became delinquent again, not meeting the waiver requirement. Accordingly, liquidated damages assessed through October 2011 hours worked are due and owing.

      3.    As permitted by the Collective Bargaining and Trust Agreements, Plaintiffs conducted an audit of Defendants' payroll records for the time period December 1, 2010 through the date of inspection, which took place on August 7-8, 2012.

      The Court had continued the previous Case Management Conference to allow time for the auditors to review the audit and complete their report.

      The Trust Funds' auditors did the audit and did an initial (draft) write up of the findings, estimating the amount owed as in excess of $145,000. After the draft was completed, the report was sent for review by a supervisor, who completed the review.

      The draft report was sent to Defendants on October 13, 2012 for their review. Should Defendants disagree with the findings, the Trust Funds' policies allow Defendants until October 27, 2012, two weeks following the date the report was mailed, to submit a written statement of contention, together with all documentation necessary to support Defendants' position.

      If Defendants do not contest the audit, the report will be considered final, and payment shall be due within ten (10) days of the revised billing.

      If the audit is contested, and Defendants provide documentation in support of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing.

      4.    While the draft audit report was being prepared, Defendants continued their delinquency pattern by failing to report and failing to pay contributions owed, most recently for the months of July 2012 and August 2012.  Plaintiffs do not expect Defendants to report and pay September, 2012 based on the current/ongoing pattern.

5.   Based on the foregoing, Plaintiffs respectfully request that the Case Management Conference, currently scheduled for October 26, 2012, be continued for 60 days to allow time for the audit to be finalized, and for the parties to discuss payment of all amounts due. If Defendant does not agree to a payment plan, a Motion for Default Judgment will be filed.

I declare under penalty of perjury that I am the attorney for the Plaintiffs in the above entitled action, and that the foregoing is true of my own knowledge.

Executed this 18th day of October 2012, at San Francisco, California.

```
                                SALTZMAN & JOHNSON
                                LAW CORPORATION


                          By:          /S/
                                Michele R. Stafford
                                Attorneys for Plaintiffs
```

IT IS SO ORDERED.

The currently set Case Management Conference is hereby continued to Jan. 11, 2013 at 8:30a , and all previously set deadlines and dates related to this case are continued accordingly.

Date:  October 19, 2012

_____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT COURT JUDGE



-3-
**PLAINTIFFS' CMC STATEMENT; REQUEST TO CONTINUE CMC; [PROPOSED] ORDER THEREON**
**Case No.:  C10-3589 CRB**

P:\CLIENTS\PATCL\MGM Drywall\Pleadings\C11-4188 CRB - CMC Statement 101812.doc