| | |
|---|---|
| 1 | Muriel B. Kaplan, Esq. (SBN 124607) |
|   | Michele R. Stafford, Esq. (SBN 172509) |
| 2 | SALTZMAN & JOHNSON LAW CORPORATION |
|   | 44 Montgomery Street, Suite 2110 |
| 3 | San Francisco, CA 94104 |
|   | (415) 882-7900 |
| 4 | (415) 882-9287 – Facsimile |
|   | mkaplan@sjlawcorp.com |
| 5 | mstafford@sjlawcorp.com |
| 6 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. | Case No.: C11-4188 CRB |
| Plaintiffs, | **PLAINTIFFS' CASE MANAGEMENT STATEMENT and;** |
| v. | **REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE;** |
| MGM DRYWALL, INC., a California Corporation, and MIGUEL GUILLEN RAMIREZ *aka* MIGUEL RAMIREZ GUILLEN, an individual, | **[PROPOSED] ORDER THEREON** |
|  | Date:   January 11, 2013 |
|  | Time:   8:30 a.m. |
|  | Ctrm:   8, 19th Floor, San Francisco |
|  | Judge:  Honorable Charles R. Breyer |
| Defendants. | |

Plaintiffs herein respectfully submit their Case Management Statement, requesting that the Case Management Conference, currently on calendar for January 11, 2013, be continued for approximately 60 days.

1. As the Court's records will reflect, this action was filed on August 24, 2011. Service on Defendants was effectuated on November 17, 2011, and A Proof of Service of Summons on was filed with the Court on November 21, 2011. Defendants failed to plead or otherwise respond to the lawsuit, and the Clerk entered default as to both Defendants on December 16, 2011.

2. The parties have been in continuous contact to discuss resolution of this matter. Plaintiffs offered Defendants a payment plan (at their request) for what was due, but ultimately Defendants elected not to utilize the plan and to pay all contributions, interest, and fees and costs owed. Defendant asked that liquidated damages be waived.

3.      Plaintiffs allowed Defendants a conditional waiver of the liquidated damages that remained due, on the condition that Defendants remain current in payment of contributions through May 2013 hours worked. Unfortunately, Defendants immediately became delinquent again, not meeting the waiver requirement. Accordingly, liquidated damages assessed through October 2011 hours worked are due and owing.

4.      As permitted by the Collective Bargaining and Trust Agreements, Plaintiffs conducted an audit of Defendants' payroll records for the time period December 1, 2010 through the date of inspection, which took place on August 7-8, 2012. The draft report estimating the amount owed as in excess of $145,000 was sent to Defendants on October 13, 2012 for their review.

5.      Defendants contested the audit and provided documentation in support of their position. Plaintiffs' auditors reviewed said documentation and made minor adjustments to the audit. On or about December 20, 2012, Plaintiffs' counsel sent the revised audit to Defendants for payment and Defendants again contested it, detailing their objections. Plaintiffs' auditors are currently reviewing said dispute to determine whether further revisions will be made. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing.

6.      Defendants additionally submitted delinquent contribution reports and payments for the months of July through October 2012, and then timely submitted their contribution report and payment for the month of November 2012. Defendants are now current in payment of contributions as reported due, but additional liquidated damages and interest are due for August through October 2012.

7.      On or about December 28, 2012, Plaintiffs' counsel received a letter from an attorney who represented that he had recently been retained to represent Defendants, but is hopeful of resolving this matter without further litigation.

8.      Based on the foregoing, Plaintiffs respectfully request that the Case Management Conference, currently scheduled for January 11, 2013, be continued for 60 days to allow time for

the information provided by Defendants to be reviewed, the audit to be finalized, and for the parties to attempt to resolve these matters with newly retained counsel.

I declare under penalty of perjury that I am the attorney for the Plaintiffs in the above entitled action, and that the foregoing is true of my own knowledge.

Executed this 2nd day of January, at San Francisco, California.

SALTZMAN & JOHNSON
LAW CORPORATION

By: _____/S/_____
Muriel B. Kaplan
Attorneys for Plaintiffs

IT IS SO ORDERED.

The currently set Case Management Conference is hereby continued to  3/29/2013  at  8:30 , and all previously set deadlines and dates related to this case are continued accordingly.

Date: __January 4, 2013_____

_____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT COURT JUDGE

IT IS SO ORDERED
Judge Charles R. Breyer
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

-3-
**PLAINTIFFS' CMC STATEMENT; REQUEST TO CONTINUE CMC; [PROPOSED] ORDER THEREON**
Case No.:  C10-3589 CRB