Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MGM DRYWALL, INC., a California Corporation, and MIGUEL GUILLEN RAMIREZ *aka* MIGUEL RAMIREZ GUILLEN, an individual,<br><br>Defendants. | Case No.: C11-4188 CRB<br><br>**PLAINTIFFS' CASE MANAGEMENT STATEMENT and;**<br>**REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE;**<br>**ORDER THEREON**<br><br>Date:  March 29, 2013<br>Time:  8:30 a.m.<br>Ctrm:  8, 19th Floor, San Francisco<br>Judge: Honorable Charles R. Breyer |

Plaintiffs herein respectfully submit their Case Management Statement, requesting that the Case Management Conference, currently on calendar for March 29, 2013, be continued for approximately 60 days.

1.  As the Court's records will reflect, this action was filed on August 24, 2011. Service on Defendants was effectuated on November 17, 2011, and A Proof of Service of Summons on was filed with the Court on November 21, 2011. Defendants failed to plead or otherwise respond to the lawsuit, and the Clerk entered default as to both Defendants on December 16, 2011.

2.  The parties have been in continuous contact to discuss resolution of this matter. Plaintiffs offered Defendants a payment plan (at their request) for what was due, but ultimately Defendants elected not to utilize the plan and to pay all contributions, interest, and fees and costs

-1-
**PLAINTIFFS' CMC STATEMENT; REQUEST TO CONTINUE CMC; [PROPOSED] ORDER THEREON**
Case No.:

1  owed. Defendant asked that liquidated damages be waived.

2      3.    Plaintiffs allowed Defendants a conditional waiver of the liquidated damages that remained due, on the condition that Defendants remain current in payment of contributions through May 2013 hours worked. Unfortunately, Defendants immediately became delinquent again, not meeting the waiver requirement. Accordingly, liquidated damages assessed through October 2011 hours worked are due and owing.

    4.    As permitted by the Collective Bargaining and Trust Agreements, Plaintiffs conducted an audit of Defendants' payroll records for the time period December 1, 2010 through the date of inspection, which took place on August 7-8, 2012. The draft report estimating the amount owed as in excess of $145,000 was sent to Defendants on October 13, 2012 for their review.

    5.    Defendants contested the audit and provided documentation in support of their position. Plaintiffs' auditors reviewed said documentation and made minor adjustments to the audit. On or about December 20, 2012, Plaintiffs' counsel sent the revised audit to Defendants for payment and Defendants again contested it, detailing their objections.

    6.    Defendants additionally submitted delinquent contribution reports and payments for the months of July through October 2012, and then timely submitted their contribution report and payment for the month of November 2012. Additional liquidated damages and interest are due for August through October 2012.

    7.    On or about December 28, 2012, Plaintiffs' counsel received a letter from an attorney who represented that he had recently been retained to represent Defendants, but is hopeful of resolving this matter without further litigation. The parties decided to attempt resolution first, and in the event that the matter is not resolved, the parties will execute a stipulation to set aside the default.

    8.    Since the Court continued the previous Case Management Conference scheduled for this matter, the audit has been adjusted multiple times following Plaintiffs' auditors' analysis of multiple batches of documentation submitted by Defendants in support of their dispute as to the amounts found due. The audit was finalized by Plaintiffs' auditors on or about March 14, 2013.

9. Defendants have become delinquent in payment of a contribution balance the month of December 2012, and have failed to report and pay contributions for the month of January 2013. Liquidated damages and interest are due for December 2012 and January 2013. Defendants timely submitted their contribution report for the month of February 2013, without payment. February 2013 contributions will be delinquent if not received by March 29, 2013.

10. Plaintiffs' counsel sent the final audit report and a detailed letter to Defendants' counsel today providing the total amount due to Plaintiffs from Defendants for the audit, current delinquencies (except for January 2013 contributions, which have not been reported, and related amounts), and attorneys' fees and costs. Negotiations are now underway to resolve this matter by way of a lump sum payment or Stipulated Judgment providing for a payment plan.  Defendants' counsel is discussing various payment options with them and has asked that Plaintiffs continue the Case Management Conference to avoid incurring additional fees and costs while Defendants evaluate their options.

11. Based on the foregoing, Plaintiffs respectfully request that the Case Management Conference, currently scheduled for March 29, 2013, be continued for 60 days to allow time for the parties to attempt to resolve this matter. If an agreement is not reached, the parties will execute a stipulation to set aside the default, and will evaluate formal ADR options.

I declare under penalty of perjury that I am the attorney for the Plaintiffs in the above entitled action, and that the foregoing is true of my own knowledge.

Executed this 19th day of March, 2013, at San Francisco, California.

SALTZMAN & JOHNSON
LAW CORPORATION


By:  _____/S/_____
      Michele R. Stafford
      Attorneys for Plaintiffs

IT IS SO ORDERED.

The currently set Case Management Conference is hereby continued to June 14, 2013 at 8:30 a.m., and all previously set deadlines and dates related to this case are continued accordingly.

Date: March 22, 2013          _____

1
2
3
4   THE HONORABLE CHARLES R. BREYER
    UNITED STATES DISTRICT JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



-4-
**PLAINTIFFS' CMC STATEMENT; REQUEST TO CONTINUE CMC; [PROPOSED] ORDER THEREON**
Case No.:

N:\pdf docs\4188bay.doc