Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MGM DRYWALL, INC., a California Corporation, and MIGUEL GUILLEN RAMIREZ *aka* MIGUEL RAMIREZ GUILLEN, an individual,<br><br>　　　　Defendants. | Case No.: C11-4188 CRB<br><br>**PLAINTIFFS' CASE MANAGEMENT STATEMENT and;**<br>**REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; ORDER THEREON**<br><br>Date:　June 14, 2013<br>Time:　8:30 a.m.<br>Ctrm:　8, 19th Floor, San Francisco<br>Judge: Honorable Charles R. Breyer |

　　　　Plaintiffs herein respectfully submit their Case Management Statement, requesting that the Case Management Conference, currently on calendar for June 14, 2013, be continued for approximately 60-90 days. Good cause exists for the continuance, as follows:

　　　　1.　As the Court's records will reflect, this action was filed on August 24, 2011. Service on Defendants was effectuated on November 17, 2011, and A Proof of Service of Summons on was filed with the Court on November 21, 2011. Defendants failed to plead or otherwise respond to the lawsuit, and the Clerk entered default as to both Defendants on December 16, 2011.

　　　　2.　The parties have been in continuous contact to discuss resolution of this matter. Plaintiffs offered Defendants a payment plan (at their request) for what was due, but ultimately Defendants elected not to utilize the plan and to pay all contributions, interest, and fees and costs

-1-
**PLAINTIFFS' CMC STATEMENT; REQUEST TO CONTINUE CMC; [PROPOSED] ORDER THEREON**
**Case No.:　C10-3589 CRB**

N:\pdf docs\4188drywall.doc

owed. Defendant asked that liquidated damages be waived.

3. Plaintiffs allowed Defendants a conditional waiver of the liquidated damages that remained due, on the condition that Defendants remain current in payment of contributions through May 2013 hours worked. Unfortunately, Defendants immediately became delinquent again, not meeting the waiver requirement. Accordingly, liquidated damages assessed through October 2011 hours worked are due and owing.

4. Defendants have additionally submitted delinquent contribution payments for the months of August through October 2012 and December 2012, and delinquent partial payments for January and February 2013. Defendants have failed to pay any portion of March and April 2013 contributions. Additional liquidated damages and interest are therefore due for the months of August through October 2012 and December 2012 through April 2013.

5. As permitted by the Collective Bargaining and Trust Agreements, Plaintiffs conducted an audit of Defendants' payroll records for the time period December 1, 2010 through the date of inspection, which took place on August 7-8, 2012. Defendants contested the audit and provided documentation in support of their position. Plaintiffs' auditors reviewed said documentation and made minor adjustments to the audit. On or about December 20, 2012, Plaintiffs' counsel sent the revised audit to Defendants for payment and Defendants again contested it, detailing their objections. On or about December 28, 2012, Plaintiffs' counsel received a letter from an attorney who advised that he had recently been retained to represent Defendants, but was hopeful of resolving this matter without an appearance and/or further litigation. On or about March 19, 2013, Plaintiffs' counsel sent the final audit report and a detailed letter to Defendants' counsel today providing the total amount due to Plaintiffs from Defendants for the audit, current delinquencies, and attorneys' fees and costs. The parties discussed resolution of this matter by way of a lump sum payment or Stipulated Judgment providing for a payment plan and Defendants' requested additional time to evaluate payment options.

6. Since the Court continued the previous Case Management Conference, Defendants again contested one specific issue on the audit. Plaintiffs' counsel and auditors considered Defendants' position and again determined that no further adjustments could be made to the audit.

Plaintiffs' counsel sent a letter to Defendants' counsel on May 7, 2013 explaining Plaintiffs' position and offering Defendants a payment plan. To date, Defendants' counsel has not responded, and Defendant have failed to submit payment.

7.      Based on the foregoing, Plaintiffs respectfully request that the Case Management Conference, currently scheduled for June 14, 2013, be continued for 60 days to allow time for Plaintiffs to prepare a motion for default judgment.

I declare under penalty of perjury that I am the attorney for the Plaintiffs in the above entitled action, and that the foregoing is true of my own knowledge.

Executed this 6th day of June, 2013, at San Francisco, California.

SALTZMAN & JOHNSON
LAW CORPORATION


By:  _____/S/_____
        Michele R. Stafford
        Attorneys for Plaintiffs

IT IS SO ORDERED.

The currently set Case Management Conference is hereby continued to August 16, 2013 at 8:30 a.m., and all previously set deadlines and dates related to this case are continued accordingly.

Date:  June 11, 2013

_____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT COURT JUDGE

*IT IS SO ORDERED — Judge Charles R. Breyer* (seal: United States District Court, Northern District of California)

## PROOF OF SERVICE

I, the undersigned, declare:

1. I am a citizen of the United States and am employed in the County of San Francisco, State of California. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

2. I am over the age of eighteen and not a party to this action.

3. On **June 6, 2013**, I served the following document(s):

**PLAINTIFFS' CASE MANAGEMENT STATEMENT and; REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER THEREON**

on the interested parties in said action by enclosing a true and exact copy of each document in a sealed envelope and placing the envelope for collection and First Class mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelopes were addressed and mailed as follows:

Miguel Guillen Ramirez
MGM Drywall, Inc.
1165 Peach Street
San Jose, CA 95116

Roger F. Liu
Leonidou & Rosin
777 Cuesta Drive, Ste. 200
Mountain View, CA  94040

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **June 6, 2013,** at San Francisco, California.

/S/
Elise Thurman
Paralegal

-1-
PROOF OF SERVICE
Case No.:  C10-3589 CRB

N:\pdf docs\4188drywall.doc